### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **DOMINION OKLAHOMA** | § | |
| **TEXAS EXPLORATION** | § | |
| **& PRODUCTION, INC.,** | § | |
| | § | |
| **Appellant,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. H-06-12** |
| | § | |
| **HOUSTON AMERICAN ENERGY,** | § | |
| **CORP., O. LEE TAWES, III, and** | § | |
| **JOHN F. TERWILLIGER,** | § | |
| | § | |
| **Appellees.** | § | |

### MEMORANDUM OPINION & ORDER

This appeal from an adversary proceeding before the bankruptcy court concerns the interpretation of two sentences in an oil and gas contract. The bankruptcy court held that the contract language in question did not, as urged by Dominion, create an agency relationship whereby Appellees were liable as principals for the obligations of the debtor, Moose Oil and Gas Company. After reviewing the opinion of the bankruptcy court, the briefs of the parties, the entire record, and the applicable law, the Court finds no compelling reason to disturb the bankruptcy court's straightforward resolution of the discreet issue of contract interpretation presented and, for the reasons stated herein, is of the opinion that the decision of the bankruptcy court should be affirmed.

### Background

The relevant facts on which the bankruptcy court based its opinion are not in dispute. Moose Oil and Gas Company and several individual and corporate investors, including Appellees, agreed in 1996 to form an investment group for the purpose of developing certain mineral rights held or to be acquired by Moose Oil and Gas Company. Approximately one year later, Moose Oil & Gas

Company, along with the individual and corporate investors, entered into a contract called the Working Interest Unit Agreement (the "Unit Agreement") with Dominion and another company, Seisgen Exploration, Inc., whose rights under the agreement were later purchased by Dominion. The Unit Agreement effectively pooled the mineral interests collectively held by Moose Oil and Gas Company and the individual and corporate investors with those held by Dominion and Seisgen into a single 640-acre unit for development.  The Unit Agreement named Dominion as the Operator and provided that development operations would be governed by a Joint Operating Agreement (the JOA) appended to the Unit Agreement.

The Unit Agreement refers to Moose Oil and Gas Company by name, but collectively refers to the investment group comprising Moose Oil and Gas Company and the individual and corporate investors as "Moose."  The Unit Agreement also contains the following Provision V:

> Moose Oil & Gas Company shall be the liable party to the Operator for the entire 27.5% working interest within the Working Interest Unit for the parties hereinabove referred to as Moose.  Moose Oil & Gas Company shall be the responsible party, for each of said parties, to the Operator for obtaining and delivering any and all elections, notices, invoices payments and billings.

The Joint Operating Agreement provided the terms under which Dominion, as Operator, would develop the 640-acre tract that was formed by the Unit Agreement, including the procedures for reimbursements to Dominion for costs incurred in drilling and exploration operations.  Unlike the Unit Agreement, the JOA was not signed by Moose Oil and Gas Company's individual and corporate investors.  Rather, the JOA was signed only by Dominion as Operator and by Seisgen and Moose Oil and Gas Company as Non-Operators.  After Moose Oil and Gas Company declared bankruptcy in 2002, the dispute underlying this appeal arose when Dominion sought to hold some of Moose Oil and Gas Company's individual and corporate investors, including Appellees here,

2

responsible for substantial costs incurred by Dominion in drilling a well referred to as the Sartwelle No. 5.

## Standard of Review

This Court has jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court.  28 U.S.C. § 158(a)(1).  When reviewing a bankruptcy court's decision, the Court functions as an appellate court, and applies the standards of review generally applied by federal appellate courts.  *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992).  Findings of fact are subject to the clearly erroneous standard of review.  FED. R. BANKR. P. 8013.  Questions of law, however, are reviewed de novo.  *In re Oxford Mgmt., Inc.*, 4 F.3d 1329, 1333 (5th Cir. 1993).

## Discussion

Appellant argues that Provision V of the Unit Agreement should be construed as creating an agency relationship between Moose Oil and Gas Company as agent and the individual and corporate investors as principals and that, therefore, Appellees are liable under principles of agency law for the default of their alleged agent.  Specifically, Appellant's argument is that the second sentence of Provision V, the "responsible party" sentence, creates or discloses the agency relationship by requiring Moose Oil and Gas Company to deliver and obtain elections, notices, invoice payments, and billings from Appellees.  In other words, according to Appellant, the first-blush clarity of the first sentence, the "liable party" sentence, is an illusion betrayed by the second sentence, the "responsible party" sentence, because the latter obligates the alleged agent to take certain acts on behalf of the alleged principals.  Appellant further argues that this is the only reasonable reading of Provision V because if the parties intended, as Appellees claim and as the bankruptcy court concluded, that Moose Oil and Gas Company was to be "the liable party," it would hardly be

necessary to follow that sentence with a description of items that Moose Oil and Gas Company was "responsible" for obtaining from and delivering to Appellees.

The bankruptcy court dismissed the agency analysis out of hand and concluded simply that the "liable party" sentence of Provision V is unambiguous and clear.  This Court agrees.  Under Texas law, "[a] court can determine as a matter of law, the existence of an agency relationship from an agreement between the parties."  *Ward v. Property Tax Valuation, Inc.*, 847 S.W.2d 298, 300 (Tex. App.—Dallas 1993, no writ) (citation omitted).  However, a close reading of the Unit Agreement indicates that assignment of sole liability to Moose Oil and Gas Company – and not the creation of an agency relationship – was the purpose and effect of Provision V.  Indeed, these two sentences would appear to be intentionally and strongly pro-Dominion in every conceivable contingency other than a default by Moose Oil and Gas Company.  The "liable party" sentence afforded Dominion the convenience of looking to only one party – Moose Oil and Gas Company – for reimbursements; and the "responsible party" sentence added additional gloss to the "liable party" sentence by making clear that Moose Oil and Gas Company could not rely on Dominion – or anyone else, for that matter – to secure payments from the other investors for which Moose Oil and Gas Company was solely liable.  That Dominion was amenable to such a provision would seem merely to indicate that it was willing, in an arms-length transaction between sophisticated parties, to bear the risk of default by Moose Oil and Gas Company in exchange for the right to hold Moose Oil and Gas Company liable for any defaults by Appellees.  There is no legal support of which this Court is aware for the proposition that Dominion can avoid the plain meaning of these sentences merely because the only contingency from which it was not protected by Provision V – namely, default by Moose Oil and Gas Company – has occurred.

4

Based on the foregoing, the Court sees no compelling reason to disturb the bankruptcy court's straightforward interpretation of Provision V and, accordingly, is of the opinion that the decision of the bankruptcy court should be, and hereby is, AFFIRMED.

## Procedural Motions

The Court notes that there are three pending procedural motions associated with this appeal: Appellant's Motion for Leave to File Items Designated Under Local Rule 8007 (Dkt. No. 9), Appellant's Motion for Extension of Time to File Briefs (Dkt. 10),  and Appellees' Amended Motion to Dismiss (Dkt. No. 13).  Appellees filed their original motion to dismiss (Dkt. No. 7) on April 7, 2006, arguing that the appeal should be dismissed because Appellant failed to timely provide the clerk with copies of the items designated to be included in the record on appeal as required by Rule 8006 of the Federal Rules of Bankruptcy Procedure.  Appellees also requested, in the alternative, that they be allowed to amend their reply brief to include correct record citations if the Court allowed Appellees to supplement the record.  Appellant countered by filing a response (Dkt. No. 10) acknowledging that they omitted to provide the clerk with copies of the designated items and requesting additional time to file their reply brief.  Appellant also filed its motion for leave (Dkt. No. 9) on the same date seeking permission to cure its failure to provide the clerk with copies of the designated items.  Finally, on March 21, 2007, Appellees filed their Amended Motion to Dismiss (Dkt. No. 13), repeating their argument about the defective record and also urging that dismissal was appropriate because Appellant had failed to include a statement of the issues to be presented on appeal as required by Rule 8006 of the Federal Rules of Bankruptcy Procedure.  The amended motion (Dkt. No. 13) effectively replaced the original motion (Dkt. No. 7).

Rule 8001(a) of the Federal Rules of Bankruptcy Procedure provides that "[a]n appellant's

failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate ...."  Given that any failures by Appellant to comply with Rule 8006 were either quickly cured or occasioned  no prejudice to either side's ability to effectively argue the merits, the Court finds, pursuant to Rule 8001(a), that dismissal is not appropriate.  Accordingly, the Court is of the opinion that Appellant's Amended Motion to Dismiss – even though not yet ripe – should be, and hereby is, DENIED. Moreover, the Court retroactively finds that Appellant's motion for leave (Dkt. No. 9) should be, and hereby is, GRANTED and that Appellant's reply brief is deemed timely filed.  Finally, the Court finds that Appellees' request to supplement their reply brief with correct record citations should be, and hereby is, DENIED, given that the Court is familiar with the record and was not inconvenienced by Appellees' reliance on items not then designated.

It is so ORDERED.

Signed this 30th day of March, 2007.


_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE